**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 1:14 CV 972** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Cad Matthews, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's motion filed pursuant to 28 U.S.C. §

2241 (Doc. 1).  For the following reasons, the motion is DENIED.

**Facts**

On October 20, 2011, the defendant was indicted for felon in possession of a firearm and

three separate counts of possession with intent to distribute. Defendant was arrested on October

28, 2011. On November 5, 2011, defendant was ordered detained in the custody of the U.S.

Marshals pending the outcome of the case. At the time of his federal arrest, defendant had been

on pretrial release from the Cuyahoga County Common Pleas Court for a drug trafficking

1

offense. He subsequently pleaded guilty to that offense and on November 23, 2011, defendant was sentenced to a term of six months imprisonment by the state court. The imposition of the sentence was delayed as defendant was returned to federal custody. Defendant entered guilty pleas to the four counts of the federal indictment. On April 17, 2012, he was sentenced to 76 months on all counts to run concurrent. There was no specific provision in the judgment as to whether the undischarged state sentence was to run concurrent or consecutive to the federal sentence.

This matter is now before the Court upon defendant's § 2241 petition to have his state "detainer" removed.

**Discussion**

Defendant acknowledges that he is subject to an undischarged sentence of imprisonment. 18 U.S.C. § 3584(a) states:

> **Imposition of concurrent or consecutive terms**.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

The Sixth Circuit has explained that where a district court remains silent with respect to whether a federal sentence should run concurrent with or consecutive to a state sentence, the last sentence of § 3584(a) provides that the federal sentence runs consecutively. *United States v. Martin,* 371 Fed.Appx. 602 (6th Cir. 2010). Thus, "when the possibility of a sentence running concurrently was simply never raised before the district court, the last sentence of § 3584(a)

2

provides a convenient 'rule of construction' that would avoid unnecessary litigation." *Id.*  When, however, a defendant "specifically and repeatedly requests a concurrent sentence," the Court must "rule explicitly on whether [defendant's] federal sentence is to run concurrent with or consecutive to his state sentences and... provide an adequate explanation for that ruling."  *Id.*

In the case herein, the judgment was silent on whether the state sentence ran concurrently or consecutively to the federal sentence, and defendant did not request that it run concurrently. Therefore, pursuant to the rule of construction cited above, the state sentence runs consecutively to the federal sentence.  Accordingly, defendant's petition is denied.

**<u>Conclusion</u>**

For the foregoing reasons, defendant's motion filed pursuant to 28 U.S.C. § 2241 is denied.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/3/14

3